LAWRENCE G. BROWN
Acting United States Attorney
KAREN A. ESCOBAR
DEANNA L. MARTINEZ
Assistant U.S. Attorneys
4401 Federal Building
2500 Tulare Street
Fresno, California 93721
Telephone: (559) 497-4000

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | 1:08-CR—00212-OWW |
| Plaintiff, ) | |
| ) | FINDINGS OF FACT AND |
| v. ) | CONCLUSIONS OF LAW ON |
| ) | FORFEITURE |
| HARJEET MANN, et.al., ) | |
| Defendants. ) | |

After hearing argument for and in opposition to an order of forfeiture, and considering the evidence presented at trial, the Court makes the following findings of fact:

1.  On June 25, 2009, a jury found defendants Harjeet Mann ("Mann"), Sukhraj Dhaliwal ("Dhaliwal") and Gurmeet Singh Bisla ("Bisla) guilty of 21 U.S.C. §§ 841 (a)(1), 841(b)(1)(A) and 846 (Conspiracy to Distribute and to Possess with Intent to Distribute Cocaine).  The same jury found defendants Mann and Dhaliwal guilty of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(a) and 846 (Attempted Possession with Intent to Distribute Cocaine).  The Indictment also sought forfeiture of various cash seizures and all proceeds of the crimes of

conviction.

2. On June 25, 2009, the defendants waived their statutory right to have the jury determine forfeiture.

3. At trial, The United States introduced evidence that the following assets constitute proceeds obtained directly or indirectly as a result of the crimes of conviction and/or were used or intended to be used to commit or to facilitate the crimes of conviction:

    a. Approximately $169,910.00 in United States currency seized on or about March 26, 2008.

        (1) Defendant Mann owned a business known as Star Leaf Trucking based in Mississauga, Ontario Canada and Bakersfield, California.(Testimony of Senior Deputy Jose Perez, Testimony of Amar Mann; Trial Exhibits 10-j, 10-l.)

        (2) The Windsor, Detroit area, which is proximate to the Illinois/Indiana border is one of the points of entry into the province of Ontario, Canada, where both Toronto and Mississauga are located and where the Star Leaf Trucking business was, in part, conducted by defendant Mann. (Trial Exhibits 9c, 9d, 9h, 9i.)

        (3) Currency in large amounts was used by Mann and his co-conspirators in the pursuance of the interstate drug trafficking conspiracy to buy cocaine; this currency was provided to the sources of cocaine who were sellers. (Testimony of Senior Deputy Jose Perez; Testimony of Adam Gage; Testimony of Pavandeep Toor; Trial Exhibits 1-d, 1-d-1, 3-b-4, 3-b-6, 3-b-7, 3-f-1.)

  (4) The cross-country transportation of currency and cocaine from Canada to California, through Chicago, Illinois was accomplished by Mann and his co-conspirators through the use of 18-wheel trailer trucks.  (Testimony of Senior Deputy Jose Perez; Testimony of Adam Gage, Testimony Pavandeep Toor; Trial Exhibits 1-d, 1-d-1.)  Adam Gage testified that in 2005, he was present with Mann in the vicinity of Chicago, Illinois in order to pick up currency for the exchange of cocaine, which he then transported to California via a 18-wheel trailer truck.

  (5) On March 26, 2008, Bisla was stopped by a state trooper in Sheldon, Illinois for a commercial truck violation after failing to stop for a weigh station.  (Testimony of Trooper Gregory Dorsey)  Bisla was driving his brother's 18 wheel trailer truck and was in possession of his brother's driver's license.  When stopped, Mr. Bisla acted nervous, furtive and he was visibly upset when Trooper Dorsey challenged some of his assertions and statements.  (Testimony of Trooper Gregory Dorsey; Trial Exhibit 6-f.)

  (6) Following an alert to the truck by a drug detecting canine, $169,910.00 in United States currency was found in the sleeper portion of the truck Bisla was driving.  (Testimony of Trooper Gregory Dorsey; Testimony of Officer Robert Cain; Trial Exhibits 6-k, 6-m, 6-n, 6-p, 8-j-1 through 16.)  The canine used Boy 14) is trained to alert to drugs, including cocaine

and does not alert to currency. (Testimony of Officer Robert Cain; Trial Exhibits 6-b through 6-d, 6-e-1, 6-e-2, 6-f.)

(7) Defendant Bisla was acquainted with defendant Mann and his co-conspirator Jasdev Singh; he was from the Bakersfield area, although his brother's trucking firm was in Livingston, California at the time of the events at issue. (Testimony of Trooper Gregory Dorsey; Trial Exhibits 6-a-2, 6-a-3, 9-b.)

(8) One of the circumstances of the operation of Mann's drug trafficking business was that if a load was interdicted and/or seized, including any drugs or currency, Mann required the courier or the transporter to provide evidence that it was a seizure by government authority. (Testimony of Deputy Jose Perez; Trial Exhibit 1-d.)

(9) During his meeting with Deputy Perez on June 20, 2008, Mann discussed a "loss of a load two or three months ago." (Testimony of Senior Deputy Jose Perez; Trial Exhibits 1-d, 1-d-1.)

(10) Forfeiture papers from the State of Illinois relating to the March 26, 2008 seizure of $169,910.00 were mailed by Bisla to his girlfriend, Angelina Sifuentez at her residence in Merced, California. (Testimony of Angelina Sifuentez.) The papers and the envelope addressed to Ms. Sifuentez were found in Mann's closet at the time of the search of Mann's residence. (Testimony of Special Agent Shawn Riley; Trial

|     |     |     |     |
| --- | --- | --- | --- |
| 1   |     |     | Exhibits 3-a-1, 3-a-2.) |
| 2   | b.  |     | Approximately $739,394.00 in United States currency seized |
| 3   |     |     | on or about June 20, 2008. |

        (1)  On June 20, 2008, United States currency in the amount of $739,394.00 was taken by co-conspirators of Mann to the Denny's restaurant in Bakersfield to be given to Deputy Perez of the Kern County Sheriff's Office who was acting in an undercover capacity as a cocaine purchaser. The currency was to be the consideration for approximately 70 kilograms of cocaine. (Testimony of Senior Deputy Jose Perez, Testimony of Special Agent Shawn O'Neill, Testimony of Special Agent Bob Beris, Testimony of Deputy Joel Swanson, Testimony of Deputy Darin Granthan; Testimony of Sukhraj Dhaliwal; Trial Exhibits 1-d, 1-d-1,1-d-13, 1-d-14, 2-a-1, 2-a-2, 2-a-3, 2-a-4, 2-c-5, 8-e-3, 8-e-4, 8-e-10.)

        (2)  The currency was seized by law enforcement on June 20, 2008 in the backseat of a silver Mitsubishi Galant driven by Dhaliwal upon Dhaliwal's arrival at the Denny's restaurant in Bakersfield, California as directed by Mann. (Testimony of Senior Deputy Jose Perez, Testimony of Special Agent Shawn O'Neill, Testimony of Special Agent Bob Beris, Testimony of Deputy Joel Swanson, Testimony of Deputy Darin Granthan; Testimony of Sukhraj Dhaliwal; Trial Exhibits 1-d, 1-d-1,1-d-13, 1-d-14, 2-a-1, 2-a-2, 2-a-3, 2-a-4, 2-c-5.)

///

     c.    Approximately $101,763.70 in United States currency seized on or about June 20, 2008;

          (1) On June 20, 2008, United States currency in the amount of $101,763.70 was taken by Mann to the Denny's restaurant in Bakersfield to be given to Deputy Perez of the Kern County Sheriff's Office who was acting in an undercover capacity as a cocaine purchaser. The currency was to be part of the consideration for approximately 70 kilograms of cocaine. (Testimony of Senior Deputy Jose Perez, Testimony of Special Agent Shawn O'Neill, Testimony of Special Agent Bob Beris, Testimony of Deputy Joel Swanson, Testimony of Deputy Darin Granthan; Testimony of Sukhraj Dhaliwal; Trial Exhibits 1-d, 1-d-1,1-d-13, 1-d-14, 2-b, 2-b-1, 2-b-2, 2-c-4.)

          (2) The currency was seized by law enforcement on June 20, 2008 at the Denny's restaurant in Bakersfield, California. (Testimony of Senior Deputy Jose Perez, Testimony of Special Agent Shawn O'Neill, Testimony of Special Agent Bob Beris, Testimony of Deputy Joel Swanson, Testimony of Deputy Darin Granthan; Testimony of Sukhraj Dhaliwal; Trial Exhibits 1-d, 1-d-1,1-d-13, 1-d-14, 2-a-1, 2-a-2, 2-a-3, 2-a-4, 2-c-4, 2-c-5.)

    4. The Court finds by a preponderance of the evidence that the above-listed property constitutes, or is derived from, proceeds obtained directly or indirectly from a violation of 21 U.S.C. §§ 841, 846 and/or was used or intended to be used to commit or to facilitate a violation of 21 U.S.C. §§ 841, 846. The Court finds there is a

nexus between the crimes of conviction and the forfeiture of the above-listed assets.

The Court further makes the following Conclusions of Law:

1. Pursuant to 21 U.S.C. § 853, the United States is entitled to the forfeiture of proceeds obtained directly or indirectly as a result of crimes of conviction and any property used or intended to be used to commit or to facilitate the crimes of conviction.

2. Additional claims, if any, that some portion of the above-listed assets subject to forfeiture by this order belong to third parties must be made by way of ancillary petitions.  Fed. R. Crim. Proc. 32.2(c).

DATED: 8/3/2009                /S/ OLIVER W. WANGER
                               OLIVER W. WANGER
                               District Court Judge