UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASDEV SINGH,<br><br>    Petitioner,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | CASE NO. 1:08-CR-00212-AWI -2<br>(1:12-CV-01628-AWI)<br><br>ORDER DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY<br><br>Doc. 512 |

On June 5, 2009, Petitioner plead guilty to violations of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846 pursuant to a plea bargain. See Doc. Nos. 139, 140.

On October 2, 2012, Petitioner filed a 28 U.S.C. § 2255 petition to vacate. See Doc. No. 477. In that petition, Petitioner argued that he did not receive due process or effective assistance of counsel because it was his understanding that he would not be deportable under the guilty plea, but he has since been classified as deportable by governmental officials. See id.

On March 26, 2104, the Court denied Petitioner's § 2255 petition. See Doc. No. 511. The Court found that Petitioner had been made aware of the potential for deportation during the course of his prosecution. See id. The Court further found that the language of the plea agreement did not include any language that addressed deportability, and deportability was not mentioned during the 2009 change of plea hearing. See id. An objective reading of the plea bargain did not include any obligations or representations concerning deportability or eligibility for various prison programs. See id. The objective reading of the plea agreement precluded Petitioner's claims. See

id. Finally, the Court also found that Petitioner did not request the withdrawal of his plea agreement and that he go to trial, which is the remedy for ineffective assistance of counsel with respect to plea agreements. See id.

On April 10, 2014, Petitioner requested that the Court issue a certificate of appealability with respect the Court's finding that the evidence shows a knowing and voluntary plea, and with respect to the issue of whether the court improperly abrogated the parole evidence rule.

*Discussion*

28 U.S.C. § 2253 provides in pertinent part:

(a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.

 (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.

(c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–

 (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;  or
 (B) the final order in a proceeding under section 2255.
 (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
 (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

The Supreme Court has found that a court should issue a certificate of appealability when the petitioner shows that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).  The requirement that the petitioner seek a certificate of appealability is a gatekeeping mechanism that protects the Court of Appeals from having to devote resources to frivolous issues while at the same time affording petitioners an opportunity to persuade the Court that through full briefing and argument the potential merit of claims may appear. Lambright v. Stewart, 220 F.3d 1022, 1025 (9th Cir. 2000).  It has been found that even the application of an apparently controlling Ninth Circuit rule can be debatable if it conflicts with the rules of another

circuit or there is reasonable argument of why the Ninth Circuit should reconsider the Ninth circuit rule.  See id.

In the present case, the Court finds that Petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability.  See 28 U.S.C. § 2253(c); Slack, 529 U.S. at 483-84.  Given the plea bargain hearing, the language of the plea bargain, and the relief requested/lack of prejudice, reasonable jurists would not debate that Petitioner did not show that he was entitled to federal habeas corpus relief.  Cf. Hill v. Lockhart, 474 U.S. 52, 57 (1985) (holding that a petitioner must show that he would have rejected a plea bargain and would have insisted on going to trial in order to demonstrate prejudice); Strickland v. Washington, 466 U.S. 668, 687 (1984) (holding that ineffective assistance of counsel is shown through deficient performance and prejudice); United States v. Barefoot, 754 F.3d 226, 242 (4th Cir. 2014) (discussing enforcement of plea agreement with integration clauses); United States v. Raifsnider, 663 F.3d 1004, 1010 (8th Cir. 2011); United States v. Baker, 25 F.3d 1452, 1458 & n.9 (9th Cir. 1994) (same).

*Order*

Accordingly, IT IS HEREBY ORDERED that the Court DECLINES to issue a certificate of appealability under 28 U.S.C. § 2253 in this matter.\

IT IS SO ORDERED.

Dated:   April 1, 2015                               _____
                                                                 SENIOR DISTRICT JUDGE