# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>HARJEET S. MANN,<br><br>Defendant | CASE NO. 1:08-CR-0212 AWI-1<br><br>ORDER ON MOTION FOR COMPASSIONATE RELEASE<br><br>(Doc. No. 530) |

On February 12, 2021, Defendant Harjeet S. Mann through counsel moved to modify his prison sentence through 18 U.S.C. § 3582(c).  See Doc. No. 530.  Upon review, the Court does not find that a response from the United State is necessary.  Instead, the Court finds that compassionate release under § 3582 is unwarranted.

*Background*

On June 24, 2009, Defendant was found guilty by a jury of violations of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846 (Conspiracy to Distribute and Possess with Intent to Distribute Cocaine and Attempted Possession with Intent to Distribute Cocaine).  Defendant was sentenced to 292 months in prison followed by 60 months of supervised release.  To date, Defendant has served approximately 12 years of his sentence.

Defendant is currently incarcerated in FCI Big Spring in Texas.

On December 14, 2020, the Warden of FCI Big Spring received Defendant's request for compassionate release.  The same day, the Warden denied the request.

On December 15, 2020, Defendant submitted an appeal of the Warden's denial.

On February 12, 2021, Defendant filed this request for compassionate release.

*Defendant's Argument*

Defendant argues that he has already tested positive for Covid 19 in October 2020 and has significant health problems. Defendant is 61 years old, has abnormal brain lesions, chronic abdominal pain, and affected functions due to seizure. These conditions and his prior bout with Covid 19 would make any reinfection of Covid 19 extremely serious. Big Spring has had 80% of its inmates infected (790 inmates) with Covid 19 and three have died. Big Spring is incapable of adequately controlling breakouts of Covid 19, and Mann cannot take appropriate measures to care for himself or guard against Covid 19 at Big Spring. Defendant argues that he has engaged in substantial rehabilitative efforts, he is not a danger to the community, and he has a viable release plan. Therefore, compassionate release should be granted. Finally, Defendant argues that he has exhausted administrative remedies because more than 30 days elapsed from the date the Warden of Big Spring received his request.

*Legal Standard*

Criminal defendants are empowered to request compassionate release for "extraordinary and compelling reasons." United States v. Alam, 960 F.3d 831, 832 (6th Cir. 2020); United States v. Raia, 954 F.3d 594, 595 (3d Cir. 2020). Specifically, in relevant part, 18 U.S.C. § 3582 provides:

> The court may not modify a term of imprisonment once it has been imposed except that—
> (1) in any case—
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) [18 USCS § 3553(a)] to the extent that they are applicable, if it finds that—
> (i) extraordinary and compelling reasons warrant such a reduction;

18 U.S.C. § 3582(c)(1)(A)(i). Before a defendant makes a request for compassionate release due to "extraordinary and compelling circumstances," "defendants must at least ask the [BOP] to do so on their behalf and give BOP thirty days to respond." Raia, 954 F.3d at 595.

*Discussion*

The administrative exhaustion requirement of § 3582(c)(1)(A) is mandatory even in the context of Covid 19.  United States v. Fuentes, 2021 U.S. App. LEXIS 2260 (9th Cir, Jan. 27, 2021); Alam, 960 F.3d at 835-36; Raia, 954 F.3d at 597 (noting, in the context of an individual who did not wait 30 days from making a request for compassionate release before moving for release in the federal court system, "Although the District Court's indicative ruling did not mention the exhaustion requirement, it presents a glaring roadblock foreclosing compassionate release at this point.").  The Ninth Circuit has held that "while judicially created exhaustion requirements may be waived by the courts for discretionary reasons, statutorily-provided exhaustion requirements deprive the court of jurisdiction and thus, preclude any exercise of discretion by the court."  Gallo Cattle Co. v. U.S. Dept. of Agric., 159 F.3d 1194, 1197 (9th Cir. 1998); see Shaw v. Bank of Am. Corp., 946 F.3d 533, 541 (9th Cir. 2019).  Section 3582(c)(1)(A)'s exhaustion requirement may not be waived.  Fuentes, 2021 U.S. App. LEXIS 2260 at * 1; United States v. Williams, 2021 U.S. Dist. LEXIS 16677, *5-*6 (E.D. Cal. Jan. 28, 2021) (Ishii, J.); United States v. Logan, 2020 U.S. Dist. LEXIS 88672, *3-*4 (W.D. N.C. May 20, 2020) (and numerous cases cited therein); United States v. Cruceru, 2020 U.S. Dist. LEXIS 84502, *3 (E.D. Cal. May 12, 2020) (Nunley, J.); United States v. Valladares, 2020 U.S. Dist. LEXIS 75182, *4 (S.D. Cal. Apr. 29, 2020) (and cases cited therein); United States v. Meron, 2020 U.S. Dist. LEXIS 66533, *5 (E.D. Cal. Apr. 15, 2020) (Mueller, C.J.).  The failure to exhaust administrative remedies as mandated by § 3582(c)(1)(A) is a jurisdictional failure.  See Gallo Cattle, 159 F.3d at 1197; Williams, 2021 U.S. Dist. LEXIS 16677 at *6; United States v. Bolanos, 2020 U.S. Dist. LEXIS 148077, *5 (E.D. Cal. Aug. 17, 2020); United States v. Greenlove, 2020 U.S. Dist. LEXIS 114624, *15-*16 (M.D. Penn. June 30, 2020); United States v. Smith, 2020 U.S. Dist. LEXIS 113423, *16 (E.D. Ark. May 14, 2020); Meron, 2020 U.S. Dist. LEXIS 66533 at *5.

There is a significant split among the district courts of this country regarding the proper interpretation of the "lapse of 30 days" language of § 3582(c)(1)(A).  See United States v. Cuevas-Diaz, 2021 U.S. Dist. LEXIS 11649, *4-*5 (E.D. Cal. Jan. 21, 2021); United States v. Falaaga,

1  2020 U.S. Dist. LEXIS 159479, *6-*7 (E.D. Cal. Sept. 1, 2020) (and cases cited therein).  This
2  Court has adopted the interpretation of § 3582(c)(1)(A) that views the "lapse of 30 days" language
3  as creating a limited futility exception.  See Cuevas-Diaz, 2021 U.S. Dist. LEXIS 11649 at *4-*5;
4  Falaaga, 2020 U.S. Dist. LEXIS 159479 at *6-*7; Bolanos, 2020 U.S. Dist. LEXIS 148077 at *7-
5  10 (agreeing with the reasoning of *Seng* and similar cases); United States v. Risley, 2020 U.S.
6  Dist. LEXIS 148078, *13 (E.D. Cal. Aug. 17, 2020) (same); see also United States v. Gunn, 980
7  F.3d 1178, 1179 (7th Cir. 2020).  Under this view, if there is no response within 30 days of
8  submission of a request for compassionate release, a defendant at that point may proceed to court
9  without further administrative action, but, if there is a timely response, the 30 day lapse language
10 has no application and the defendant must follow the otherwise applicable administrative
11 procedures and appeal the denial.  See id.

12     Here, it is Defendant's burden to demonstrate exhaustion under § 3582(c)(1)(A).  See
13 Williams, 2021 U.S. Dist. LEXIS 16677 at *7; Cuevas-Diaz, 2021 U.S. Dist. LEXIS 11649 at *5;
14 Bolanos, 2020 U.S. Dist. LEXIS 148077 at *10; United States v. Van Sickle, 2020 U.S. Dist.
15 LEXIS 80854, *9 (W.D. Wash. May 7, 2020) (and cases cited therein).  Defendant admits that the
16 Warden of Big Spring denied his request for compassionate release on December 14, 2020.
17 Defendant also admits that he has appealed that decision.  Defendant's briefing does not state that
18 his administrative appeals have been exhausted.  Instead, Defendant argues that he may proceed
19 because 30 days have passed since December 14, 2020.  However, while some Courts would agree
20 with Defendant that he has adequately exhausted his administrative remedies, other Courts,
21 including this Court, do not.  Because Defendant received a timely denial from the Warden of Big
22 Spring, the "30 day lapse" language in § 3582 (c)(1)(A) has no application to Defendant.  Risley,
23 2020 U.S. Dist. LEXIS 148078 at *13-*15.  Therefore, Defendant has not met his burden of
24 demonstrating exhaustion, and the Court must deny his motion because of this jurisdictional
25 failure.  See Gallo Cattle, 159 F.3d at 1197; United States v. Hernandez, 2020 U.S. LEXIS
26 163633, *8 (E.D. Cal. Sept. 8, 2020); Bolanos, 2020 U.S. Dist. LEXIS 148077 at *10-*11;
27 Greenlove, 2020 U.S. Dist. LEXIS 114624 at *15-*16; Smith, 2020 U.S. Dist. LEXIS 113423 at
28 *16;  Meron, 2020 U.S. Dist. LEXIS 66533 at *5; Risley, 2020 U.S. Dist. LEXIS 148078 at *15.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that Defendant's motion for compassionate release (Doc. No. 530) is DENIED without prejudice.

IT IS SO ORDERED.

Dated:   February 16, 2021

SENIOR DISTRICT JUDGE